**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**PERNELL A. DECK, Sr.,**

      **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 5:09cv131**
                                             **(Judge Stamp)**

**JOYCE BILLS, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On December 2, 2009, plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On December 3, 2009, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. On December 21, 2009, the plaintiff paid his required initial filing fee.[1] This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who is currently incarcerated at the St. Marys Correction Center has filed this complaint complaining that he was denied due process at his parole hearing on June 10, 2009. More specifically, the plaintiff alleges that: (1) the parole board used false and misleading information to enhance is risk assessment; (2) the parole board made an erroneous claim that he was twenty years or younger when he was first arrested; (3) the parole panel declined to use his accomplishments while he was incarcerated; (4) the parole board violated his due process rights by having two members sit on both his first and second parole hearing; (5) the parole board acted like a sentencing judge by making a class

---

[1]Although the Clerk's office received the $8.00 initial partial filing fee on December 21,2009, it was not entered on the plaintiff's docket sheet until January 21, 2010.

mandatory for parole consideration; (6) the parole board denied him access to the file containing the information that would be used to determine if he was parole eligible; and (7) the board granted parole to another inmate, who was not eligible to be seen by the board.  For relief, the plaintiff asks that the court "require that each parole board member that violated [his] due process, or civil rights be responsible for each day [he] is still incarcerated.  Plaintiff is asking for 100 dollars a day from June 10th until such time as parole board gives a fare (sic) and impartial hearing.  The plaintiff also ask that the total disregard to The West Virginia Code by the parole board [be] addressed."  (Doc. 1, p. 6).

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325.  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below,  the plaintiff's request for damages against the defendant has no chance for success.  Therefore,  the undersigned recommends that this case be dismissed.

## III.  ANALYSIS

Although the plaintiff has utilized catch phrases such as due process and civil rights in his complaint as it relates to the actions of the parole board members, it is clear that he is, in fact, challenging the actual denial of parole. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

In this case, it is clear that the substance of the plaintiff's complaint challenges the denial of parole. However, the parole board's decision has not been invalidated. Therefore, the plaintiff's claims are not cognizable under § 1983, and this court should dismiss the plaintiff's complaint against the parole board for failure to state a claim upon which relief can be granted. Vaught v. Sampson, 2008 WL 927776 (E.D. Mich., 1008); Poole v. Pa. Board of Probation and Parole, 2005 WL 2662387 (3rd Cir. 2005).

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a

judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474

U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated:  2-11-10

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE