```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

PERNELL A. DECK, SR.,

    Plaintiff,

v.                                             Civil Action No. 5:09CV131
                                                              (STAMP)

JOYCE BILLS, PEGGY POPE,
STEPHEN SVOKAS, MICHAEL McCARTHY
and THE WEST VIRGINIA PAROLE BOARD,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DECLINING TO ADOPT REPORT AND RECOMMENDATION
AND DISMISSING CASE ON ALTERNATIVE GROUNDS**

I.  Procedural History

The pro se[1] plaintiff, Pernell A. Deck, Sr. ("Deck"), initiated this action in this Court by filing a civil rights complaint under 42 U.S.C. § 1983. The plaintiff's complaint alleges violations of his Fifth and Fourteenth Amendment rights to due process during parole hearings which resulted in the denial of parole. This case was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

Following initial review, Magistrate Judge Joel issued a report and recommendation wherein he recommended summary dismissal of the plaintiff's complaint as improperly brought under 42 U.S.C. § 1983. The plaintiff filed timely objections to the magistrate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

judge's report.  For the reasons that follow, this Court declines to adopt the magistrate judge's report and recommendation, but will dismiss this civil action on other grounds.

## II. <u>Facts</u>

At the time that he filed this civil action, the plaintiff was incarcerated at the St. Mary's Correctional Center.  He argues that, on June 10, 2009, he appeared before the West Virginia Parole Board ("WVPB") panel members Stephen Svokas, Michael McCarthy ("McCarthy"), and Peggy Pope ("Pope"), for a parole hearing.  This hearing resulted in a "flat denial" of parole.  The plaintiff appealed this decision, based upon his argument that the appeals board had pre-determined that his parole would be denied based upon victim opinion and his pre-incarceration history, and that they failed to consider the positive steps that he had made while in prison.  He also argued that a number of facts utilized by the panel were incorrect or misleading.  As a result of this appeal, the chairman of the WVPB corrected the inaccurate facts and recalculated the plaintiff's "overall risk score."  After further consideration of the plaintiff's accomplishments while incarcerated, the chairman changed the plaintiff's flat denial to a "5 month set-up," thus giving him a chance to appear before the parole board in November 2009.

The plaintiff did appear before the board again on November 12, 2009, and was again denied parole.  The plaintiff claims that this parole hearing was also improper because defendants McCarthy

and Pope were on the panel for both his first and his second hearing, and because the panel allegedly acted beyond the scope of its authority by "making a class mandatory." ECF No. 1 *4. Further, the plaintiff makes arguments throughout the pleadings in this case that he was improperly denied access to "the file that the parole board was going to base their decision on" by "institutional parole officer," Joyce Bills. ECF No. 18 *2. The plaintiff's complaint asks for damages of $100.00 per day from June 10, 2009 until such time as the board affords him a fair and impartial parole hearing. The plaintiff also requests that the constitutionality of the parole board's procedures "be addressed."

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

### IV. Discussion

A. <u>Magistrate Judge Joel's report and recommendation</u>

Magistrate Judge Joel recommends that the plaintiff's complaint be summarily dismissed as improperly filed under 42 U.S.C. § 1983. In support of this recommendation, the magistrate judge reasons that, even though the plaintiff uses catch phrases such as due process and civil rights as they relate to his claims, it is clear that, in reality, he is challenging the actual denial

of parole.  The magistrate judge concluded that § 1983 claims can be used to challenge conditions of confinement.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 499 (1973).  However, based upon the United States Supreme Court's opinion in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), they may not be utilized to challenge the reliability and legality of a state prisoner's confinement.  As such, any claim the success of which would "necessarily imply" that a state prisoner's actual confinement is improper or illegal is inappropriate under § 1983, and must be raised as a habeas corpus action.  <u>See</u> <u>id.</u> at 486-87.

The magistrate judge then relied upon <u>Vaught v. Sampson</u>, No. 08-CV-11040, 2008 U.S. Dist. LEXIS 27380 (E.D. Mich. Apr. 4, 2008), and <u>Poole v. Pa. Bd. of Prob. and Parole</u>, 153 F. App'x 816 (3d Cir. 2005) (unpublished), to conclude that the plaintiff's claims, which the magistrate judge found actually request a determination that the denial of his parole was improper, were not cognizable under a § 1983.  However, after review of the relevant case law, controlling precedent, and the plaintiff's complaint in this case, this Court finds that, while the magistrate judge correctly relies upon <u>Heck</u>, he has improperly applied the concepts articulated therein to the facts of this case.  Accordingly, this Court cannot agree with the determination of the magistrate judge that the plaintiff's complaint is inappropriately brought under 42 U.S.C. § 1983.

Initially, the magistrate judge did not consider the United States Supreme Court's opinion in Wilkinson v. Dotson, 544 U.S. 74 (2005), wherein the Supreme Court weighed in on the application of Heck to § 1983 claims challenging state parole procedures. This Court notes that the facts in Wilkinson are closely analogous to those in this case. In Wilkinson, two state prisoners filed § 1983 actions against state parole officials, arguing that the parole procedures utilized by the State of Ohio violated the plaintiffs' constitutional rights. Much like the plaintiff in this case, the plaintiffs each requested a determination of whether the process utilized by the state parole board violated the Federal Constitution, as well as new parole hearings to be conducted in accordance with the proper constitutional procedure. Id. at 76-77. Further, in that case, the State of Ohio made the same argument that the magistrate judge made in this case, that the plaintiffs attacked the "proceedings only because they believe that victory on their claims will lead to a speedier release from prison." Id. at 78. As such, Ohio argued, the plaintiffs were actually attempting to "collaterally attack the duration of their confinement; hence" making their claims only cognizable under habeas corpus. Id. (emphasis in original).

The Supreme Court rejected that argument, finding instead that, based upon the plaintiffs' claims and requested relief, "the connection between the constitutionality of the prisoners' parole proceedings and release from confinement [was] too tenuous" for

the claims to not be cognizable under § 1983.  Id.  The Court then thoroughly reviewed the relevant case law up to and including Heck, and reasoned that the plaintiffs only sought a determination that would "render invalid the state procedures used" regarding parole, and that such a determination would not "'necessarily imply the invalidity of [their] conviction[s] or sentences.'"  Id. at 82 (quoting Heck, 512 U.S. at 487).  Rather, the Court said, success on their claims "means at most a new parole hearing at which [state] parole authorities may, in their discretion, decline to shorten his prison term."  Id.

This Court recognizes that the plaintiff in this case seeks money damages, but based upon the opinion in Wilkinson, this Court does not find this factual distinction to alter the findings expressed in this opinion.  Id.  In Wilkinson, the Court placed emphasis on the result which would flow from the requested relief, and whether it would either necessarily result in the plaintiff's early release, or would imply the invalidity of the plaintiff's sentence.  See id.  Just as a finding that the plaintiff was entitled to a new parole hearing would make no such implication, neither would an award of a money judgment as the result of procedural improprieties at the parole hearing.  Such a money judgment would only imply that the plaintiff's due process rights were violated by the process utilized at the plaintiff's parole hearing.

Accordingly, this Court believes that the Supreme Court's findings in <u>Wilkinson</u> are controlling. Just as in the <u>Wilkinson</u> case, while it may be true that, in reality, the plaintiff seeks an early release, that is not the relief that he asks this Court to award him in his complaint. Rather, Mr. Deck only seeks a parole hearing which is in line with the requirements of the Due Process Clause of the Fifth and Fourteenth Amendments, and a money judgment which compensates him for alleged violations of the same in his previous hearings.

This Court further notes that, if this Court were to find in accordance with the magistrate judge's recommendation in this case, there would seemingly be no situation wherein a plaintiff could challenge the procedure of his parole hearing under 42 U.S.C. § 1983. All such challenges could likely be found to be rooted in a desire for early release, and any finding that a parole hearing was procedurally unsound <u>could</u> result in such early release. This result is clearly in conflict with the Supreme Court's findings in <u>Wilkinson</u>. <u>See also</u> <u>Wilkinson</u>, 544 U.S. at 85-88 (Scalia, J., concurring) (noting that this result would "broaden the scope of habeas relief beyond recognition"). Further, this Court does not find the cases cited by the magistrate judge in support of his recommendation to be persuasive.

In <u>Vaught</u>, the Eastern District of Michigan, following <u>Heck</u>, found that the plaintiff's complaint to be improperly brought

under § 1983. In that case, the plaintiff asserted that the procedures used by the Michigan Parole Board in the parole review process violated the Ex Post Facto Clause, as well as the Due Process Clause. However, the court concluded, as the magistrate judge did here, that the plaintiff was actually challenging the denial of parole because he "claim[ed] that the parole board's basis for denying him parole was improper." 2008 U.S. Dist. LEXIS 27380 *5-*6. Interestingly, while the Vaught court cited the Sixth Circuit's affirmed opinion in one of the Wilkinson cases, it nonetheless came to this conclusion without explanation and with no attempt to distinguish the facts before it from the facts in Wilkinson. Rather, the court simply stated that while the plaintiff claimed to challenge the parole process, "the substance of his complaint clearly challenges the denial of parole." Id. at *6. After review, this Court cannot reconcile Vaught and Wilkinson, and must disagree with the Eastern District of Michigan's findings in that case.

In Poole, the second case cited by the magistrate judge in support of his recommendation, the Third Circuit found in a per curiam opinion that a plaintiff's claim was improperly brought under § 1983 when that plaintiff argued that the Pennsylvania Board of Probation and Parole improperly denied him parole. 153 F. App'x at 817-18. The plaintiff in that case sought immediate release to a half-way house drug rehabilitation program. Id. at 818. It is clear to this Court that Poole is factually dissimilar

8

to this case in the very way that makes this plaintiff's claim cognizable under § 1983. In Poole, the plaintiff sought an injunction which would require his immediate release. Such a request falls squarely within the type of case that Heck found to be only suited for habeas corpus because the success of the plaintiff's claim would "necessarily imply the invalidity of [his] conviction or sentence." Heck, 512 U.S. at 487. As such, Poole does not inform this Court's decision herein. This Court thus declines to adopt the magistrate judge's report and recommendation.

B.  Immunity of parole board members

Notwithstanding the foregoing, this Court will nonetheless dismiss this plaintiff's complaint because the defendants in this case are entitled to absolute immunity from damages in this action. The Fourth Circuit has found that members of the state parole board enjoy quasi-judicial absolute immunity from civil damages with regard to their consideration of applications for parole. Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975); Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978). As such, because the plaintiff seeks damages resulting from parole board members' parole hearing process, the defendants are immune from the plaintiff's claims against him.

C.  Plaintiff's request for injunctive relief

Finally, without reaching the merits of the plaintiff's claims, to the extent that the plaintiff's complaint can be

construed as requesting injunctive relief in the form of a new parole hearing, this Court must also dismiss this request. Based upon the information that this Court has been able to gather from the West Virginia Division of Corrections, the plaintiff is no longer in custody. Accordingly, this Court is unable to grant the plaintiff a new parole hearing, and must deny this request as moot and dismiss this civil action in its entirety.

## V. Conclusion

Based upon the foregoing, this Court DECLINES TO ADOPT the report and recommendation of the magistrate judge. However, the plaintiff's complaint is nonetheless DISMISSED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 12, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE